UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| TODD M. KORBEL | CIVIL ACTION |
| VERSUS | NO. 06-7283 |
| LEXINGTON INSURANCE COMPANY | SECTION  "N" (4) |

# ORDER AND REASONS

Before the Court is the Motion to Strike Jury Demand (Rec. Doc. No. 15) filed by Defendant, Lexington Insurance Company ("Lexington").  Plaintiff, Todd M. Korbel, opposes the motion.  For the reasons stated herein, Defendant's motion is **DENIED**.

## I. BACKGROUND

This case arises out of a dispute regarding insurance coverage for Plaintiff's residence at 430 Olivier Street in New Orleans, Louisiana, which allegedly sustained damage during Hurricane Katrina.  After the storm, Plaintiff submitted a claim to his homeowner's insurer, Lexington.  On August 28, 2006, Plaintiff filed suit against Lexington in the Civil District Court for the Parish of Orleans for failure to timely and properly adjust his homeowner's claim.  In his state court petition, Plaintiff did not request a trial by jury.  On October 4, 2006, Lexington removed the case to this Court based on diversity jurisdiction.  Thereafter, Lexington filed an answer to the complaint; Lexington did not request a trial by jury.

Korbel, who is a Louisiana attorney, was representing himself in this matter until on or about March 8, 2007, when he filed a motion to enroll John Venezia as co-counsel.  On March 8, 2007, the Court held its preliminary conference, at which time, the case was set for bench trial on November 13, 2007.  The next day, the Court issued it scheduling order, which clearly states that

the trial was to be "before the District Judge **without** a jury." (Rec. Doc. No. 7, p.2.) (emphasis in original).

In October 2006, after suit was filed, and after Lexington's initial tender of additional living expenses, Plaintiff moved to a new residence. According to Plaintiff, this fourth move resulted in an increase in his living expenses. On March 9, 2007, Plaintiff demanded that Lexington pay the additional living expenses associated with his fourth move; however, Lexington failed to tender any additional amounts to Plaintiff. On April 16, 2007, the Court granted Plaintiff's unopposed motion to file his First Supplemental and Amended Complaint, which added the following to the original petition:

> 13. On March 19, 2007, Plaintiff requested supplemental payments for his additional living expenses.
> 14. Lexington refused to make supplemental payments to Plaintiff for his additional living expenses.

(Rec. Doc. No. 12, ¶¶ 13-14.) Plaintiff did not demand a jury trial in his trial in his amended complaint. On April 24, 2007, Defendant filed an answer to the amended complaint. Six days later, on April 30, 2007, Plaintiff filed a jury demand pursuant to Rule 38 of the Federal Rules of Civil Procedure. Defendant filed the instant Motion to Strike Jury Demand on May 8, 2007.

Defendant argues that Plaintiff's jury demand is untimely and that Plaintiff has waived the right to trial by jury. In the alternative, Defendant argues that Plaintiff should only be granted a jury trial on the issues raised in his First Amended and Supplemental Complaint. Plaintiff counters that his Rule 38 jury demand was timely. According to Plaintiff, the "new facts and additional acts of bad faith" set forth in his amended complaint create new jury-triable issues. In the alternative, Plaintiff requests that the Court deny the motion to strike under Rule 39(b).

## II.  LAW AND ANALYSIS

### A.  Rule 38

Rule 38(b) of the Federal Rules of Civil Procedure entitles a party to a jury trial on any issue triable by a jury if a demand is served "not later than 10 days after the service of the last pleading directed to such issue . . ." *Id.*  Under Rule 38(d), a party's failure to timely request a trial by jury constitutes a waiver of that party to a trial by jury.  The issue in this case is whether the claim for additional living expenses in the amended complaint can be considered a "new issue" within the context of Rule 38(b), such that Plaintiff is entitled to a trial by jury as of right.

The rule in the Fifth Circuit regarding the timeliness of jury demands with respect to amendments is set forth in *Guajardo v. Estelle*, 580 F.2d 748 (5th Cir. 1978).  "A complaint 'raises an issue' only once within Rule 38(b)'s meaning when it introduces it for the first time. Amendments not introducing new issues will not give rise to a demand for a jury trial." *Id.* at 752 (citations omitted).

The Court finds that the original petition asserts a claim for additional living expenses. In Paragraph 5, Plaintiff alleges that the Lexington policy provided coverage "for additional living expenses." (Rec. Doc. No. 1-2, ¶ 5.)  In Paragraph 18, Plaintiff alleges that Lexington "refused to honor Plaintiff's claim and/or undervalued Plaintiff's claim . . ." (Rec. Doc. No. 1-2, ¶ 18.)  In Paragraph 23, Plaintiff alleges that as a result of Lexington's breach of contract and negligence, Plaintiff experienced "delays in his ability to return to his property to live." (Rec. Doc. No. 1-2, ¶ 23.)  Paragraphs 3 and 22 make it clear that Plaintiff seeks recovery from Lexington for "the full amount of damages suffered by Plaintiff" and for "all damages occasioned by [Lexington's] breach." (Rec. Doc. No. 1-2, ¶¶ 3, 22.)  Further, Plaintiff concedes that he included amounts for his additional

living expenses in his Rule 26 disclosures, which were served on Defendant nearly a month prior to the filing of the amended complaint. In light of these considerations, the Court finds that the issue of additional living expenses was fairly raised by the original petition. Accordingly, the Court finds that Plaintiff's jury demand was untimely under Rule 38.

Having found that Plaintiff's request was untimely, the Court now turns to the issue of whether it may, in its discretion, permit the untimely demand under Rule 39(b).

### B.  Rule 39

Rule 39(b) of the Federal Rules of Civil Procedure grants a district court discretion to order a jury trial despite a party's failure to comply with the ten-day requirement in Rule 38. *Daniel International Corp. v. Fischbach & Moore, Inc.*, 916 F.2d 1061, 1064 (5th Cir. 1990). In exercising its discretion, a district court should grant the request for a jury trial "in the absence of strong and compelling reasons to the contrary." *Id.*

The Court considers five factors in determining the propriety of ordering a jury trial under Rule 39(b):  (1) whether the case involves issues which are best tried to a jury; (2) whether granting the motion would result in a disruption of the court's schedule or that of an adverse party; (3) the degree of prejudice to the adverse party; (4) the length of delay in making the request; and (5) the reason for the delay in making the request. *Id.*

Both Plaintiff and Defendant agree that the facts of this case are not complex. Further, the Court agrees with Plaintiff that a jury is well-suited to resolve the issues raised in this dispute. Thus, factor one supports granting the request for a jury trial.

Defendant argues that a longer trial "would almost certainly be disruptive" to his schedule, in part because he has "multiple jury trials set for October, November, and December, including a

four day jury trial set to commence on November 26, 2007, for which much work also remains to be done." While the Court acknowledges counsel's heavy workload, counsel fails to inform the Court how trying this matter to a jury would specifically disrupt his schedule, even if counsel's assertion that a jury trial will necessarily take longer than a bench trial is correct. Trial in this matter is scheduled to commence on November 13, 2007, whereas defense counsel's four-day jury trial in another matter is not scheduled to commence until November 26, 2007. Moreover, Plaintiff asserts that the jury trial in this matter can be conducted within the three days initially allotted.

Nor does counsel identify any specific prejudice that he would sustain as a result of a jury trial in this matter. Defendant argues that the "additional time for trial"[1] would be a "significant financial burden" and that its "trial preparations will be much more expensive as a result of having to prepare for a more thorough trial presentation that a lay jury would require." As stated above, the additional time for trial should not be a factor, since Plaintiff represents that the trial will take no longer than the three days previously allotted, and the Court agrees. Counsel alleges that trying this matter to a jury means that he would "have to change [his] entire strategy for trial preparation." Nevertheless, counsel concedes that "little discovery has yet been conducted." Further, at the time Plaintiff filed his request for a trial by jury, the trial date was almost seven months away. With nearly seven months between Plaintiff's request and the trial date, Defendant has been afforded adequate time to alter his trial strategy, if necessary, to present the case to a jury. As noted above, the facts and issues in this case are not complex, and the evidence is not voluminous.

Plaintiff's delay of approximately eight months in requesting a jury trial in this case is

---

[1] Since the undersigned engages in jury voir dire from the bench, with very limited questioning by counsel as needed at the bench, selection of a jury to try this matter will only add an hour or two on the front end, and a deliberation period at the conclusion. Trying this case to a jury is no more burdensome to the Court than holding a bench trial.

significant, and Plaintiff's explanation, as discussed above, does not excuse the delay. While the final two factors clearly support a denial of the request for jury trial, the Court finds that these two factors do not constitute "strong or compelling reasons" for denial of Plaintiff's untimely request for a jury trial. Accordingly, the Court finds that the trial in this matter should proceed with a jury.

### III.  CONCLUSION

**IT IS ORDERED** that Defendant's Motion to Strike Jury Demand is **DENIED**, and the trial in this matter shall proceed on November 13, 2007 as a jury trial.

New Orleans, Louisiana, this __21st__ day of August, 2007.

                                                                        **KURT D. ENGELHARDT**
                                                                        **United States District Judge**