UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| TODD M. KORBEL | CIVIL ACTION |
| VERSUS | NO. 06-7283 |
| LEXINGTON INSURANCE COMPANY | SECTION "N" (4) |

**ORDER AND REASONS**

Before the Court is Plaintiff's **Motion for New Trial/Reconsideration (Rec. Doc. No 50)**. The Court has reviewed the memoranda of the parties and the applicable law, and finds that Plaintiff's motion should be denied in its entirety.

In his Motion for New Trial/Reconsideration, Plaintiff moves the Court, pursuant to Rule 59 of the Federal Rules of Civil Procedure, to grant a new trial and/or to reconsider the Court's October 4, 2007 ruling, which granted portions of Defendant's motion for summary judgment. District courts have substantial discretion in determining whether to grant or deny a motion to alter or amend judgment pursuant to Rule 59(e). See *Gossett v. Wal-Mart Stores, Inc.*, No. 05-CV-1459, 2007 WL 628116, at *2 (E.D. La. Feb. 26, 2007), (citing *Weber v. Roadway Express, Inc.*, 199 F.3d 270, 276 (5th Cir.2000); *Edward H. Bohlin Co., Inc. v. Banning Co., Inc.*, 6 F.3d 350, 355 (5th Cir.1993); *Turner v. Pleasant*, No. 01-CV-3572, 2004 WL 612960, at *1 (E.D.La. Mar. 25, 2004); aff'd, 127 F. App'x 140 (5th Cir.2005). The reconsideration of a prior order is "an extraordinary remedy" which should be used sparingly and should not be used to present new evidence or

arguments that could have been offered or raised prior to the entry of judgment. *Templet v. HydroChem, Inc.*, 367 F.3d 473, 479 (5th Cir.2004). A moving party must satisfy at least one of the following criteria to prevail on a Rule 59(e) motion: (1) the motion is necessary to correct a manifest error of fact or law; (2) the movant presents newly discovered or previously unavailable evidence; (3) the motion is necessary in order to prevent manifest injustice; or (4) the motion is justified by an intervening change in the controlling law. *Flynn v. Terrebonne Parish School Board*, 348 F.Supp.2d 769, 771 (E.D.La.2004). The standards which apply to Rule 59(e) favor denial of a motion to alter or amend a judgment. *S. Constructors Group, Inc. v. Dynalectric Co.*, 2 F.3d 606, 611 (5th Cir.1993).

Here, as Lexington points out in its opposition, Korbel fails to explain how the requirements of Rule 59 are satisfied in this case. In fact, Plaintiff neglects to even mention Rule 59 once in his memorandum in support. Thus, Plaintiff's arguments fail to demonstrate that the motion is necessary to correct a manifest error of fact or law, fail to demonstrate that Plaintiff presents newly discovered or previously unavailable evidence, fail to demonstrate that the motion is necessary in order to prevent manifest injustice, and/or fail to demonstrate that the motion is justified by an intervening change in the controlling law. On this ground alone, the Court could exercise its considerable discretion under Fed.R.Civ.P. 59(e), and find that Korbel has failed to meet his burden under the Federal Rules of Civil Procedure. However, the Court will address each of the arguments made by Korbel in his motion.

First, Plaintiff argues that the Court improperly relied on federal case law and failed to apply the *Erie* doctrine when the Court "relied on the case *Curole v. Louisiana Citizens Property Insurance Corp.*, 2007 WL 625933 (E.D. La. Feb. 23, 2007)" is completely without merit. In fact,

2

the Court struggles to see how Plaintiff can make this argument in good faith. This Court did not "rely" on the *Curole* case, which involved a flood insurance dispute governed by federal law; it merely mentioned it in dicta and then *distinguished* it from the case at hand. This case was mentioned in the Court's discussion of photographs, alone, serving as sufficient, satisfactory proofs of loss. As noted by the Court in its Order and Reasons, Plaintiff failed to refer the Court to any case wherein photographs alone were enough to constitute a satisfactory proof of loss.

As for Plaintiff's next argument regarding whether sufficient proofs of loss occurred during the adjusters' three inspections, the Court finds, as it did before, that because Lexington requested estimates which were not received until months later, satisfactory proof of loss was not made until Plaintiff forwarded to Lexington the requested estimates. The new case law cited by Korbel relative to this issue does not require the Court to arrive at a different conclusion. It is undisputed that Lexington timely paid Plaintiff after receiving the requested estimates, which the Court concludes served as satisfactory proofs of loss. In fact, the insurance policy at issue in this case stated that insureds were required to send "within 60 days after [the] request" . . .a signed, sworn proof of loss which set forth . . . "detailed repair estimates." (See Exhibit C to Defendant's motion, p. 10 of 18). After Lexington requested the estimates, Plaintiff should have timely provided them. Plaintiff fails to establish how or why this Court should disregard this policy language to achieve a different result.

As for Korbel's argument regarding additional living expenses, Plaintiff merely reasserts arguments that this Court has already rejected. Again, because the Court finds that Plaintiff never resided at the property, the policy clearly and unambiguously provides that he is entitled to neither additional living expenses nor fair rental value.

Last, the Court denies Korbel's request for a stay of this case while he immediately appeals

this order.  This matter will proceed to trial on November 13, 2007.  Accordingly,

**IT IS ORDERED** that Plaintiff's **Motion for New Trial/Reconsideration (Rec. Doc. No 50)** should be and is hereby **DENIED**.

New Orleans, Louisiana, this 31st day of October, 2007.

_____
**KURT D. ENGELHARDT**
**United States District Judge**